IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00040-EWN-BNB

MARK DUHALL,

Plaintiff,

v.

LENNAR FAMILY OF BUILDERS,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following papers:

(1)  **Re: Plaintiff's Amanded** [sic] **Complaint** [Doc. #12, filed 2/21/07] (the "Motion to Amend"); and

(2)  **Plaintiff's Request for Help** [Doc. #13, filed 2/21/07] (the "Motion for Help").

I construe the paper entitled "Re: Plaintiff's Amanded [sic] Complaint" as a motion to amend the complaint. The Federal Rules of Civil Procedure provide that a complaint may be amended as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Fed.R.Civ.P. 15(a).

A responsive pleading has not yet been served in this case. Therefore, the plaintiff may amend his pleading as a matter of course. The proposed amended complaint is not on the

Court's complaint form, however, and it does not appear to contain the detail of the original Complaint. The plaintiff must submit an amended complaint on the Court's form. In addition, the plaintiff is cautioned that an amended complaint supercedes any previously-filed complaint. The plaintiff may not incorporate by reference his original Complaint into the amended complaint. The amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims and factual allegations. Consequently, the Motion to Amend is DENIED WITHOUT PREJUDICE, and any future attempts to amend the Complaint must comply with this Order.

In his Request for Help, the plaintiff asks that the Court permit his friend, Mr. Namoko, to assist him in this matter. "An application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed.R.Civ.P. 7(b). The plaintiff does not state whether Mr. Namoko is an attorney, nor does he specify how Mr. Namoko would assist him. Consequently, the Request for Help is too vague to address and is DENIED WITHOUT PREJUDICE.

IT IS ORDERED that the Motion to Amend is DENIED WITHOUT PREJUDICE. The plaintiff may seek leave to amend his Complaint subject to compliance with this Order.

IT IS FURTHER ORDERED that Motion for Help is DENIED WITHOUT PREJUDICE.

Dated February 26, 2007.

                                                           BY THE COURT:

                                                           s/ Boyd N. Boland
                                                           United States Magistrate Judge