IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00040-EWN-BNB

MARK DUHALL,

Plaintiff,

v.

LENNAR FAMILY OF BUILDERS,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following papers filed by the plaintiff (the "Papers"):

(1) **Plaintiff** [sic] **Motion of Stipulation, and Release of Settlement Demand as Term of Relief** [Doc. #35, filed 5/22/07];

(2) **Re: Plaintiff's S** [sic] **Suplemental** [sic] **Stipulation for Relief** [Doc. #33, filed 6/21/07]; and

(3) **Re: Plaintiff's Demand for Judgment, and Petition for Hearing Under Federal rule 59(e)** [Doc. #37, filed 7/20/07].

The Papers contain many statements that are difficult to understand and many statements that do not appear to be related to any matter pending before the court. To the extent the Papers can be construed to seek relief, I address them as follows:

1. It appears that the Papers are, in part, an attempt to respond to the defendant's reply in support of its motion to dismiss. However, the local rules of this court provide that there shall be a motion, a response, and a reply. D.C.COLO.LCivR 7.1C. Further briefing is not permitted

without leave of court.  The plaintiff has not sought leave to file a sur-reply, nor does it appear that further briefing is necessary.

2.   The plaintiff requests that a settlement conference be set in this case.  *Doc. 33*, p. 1; *Doc. 35*, p. 3.  However, the defendant states that it does not believe the parties are close to settlement and that it would be premature for the parties to attend a settlement conference at this time.  *Defendant Lennar Colorado, LLC's Response to Document Entitled "RE: Plaintiff's Supplemental Stipulation for Relief*, [Doc. #34, filed 7/8/07], ¶ 8.  Accordingly, the plaintiff's request for a settlement conference is DENIED.  If, in the future, the parties agree that a settlement conference would be beneficial, they may contact my chambers for a setting.

3.   The plaintiff also requests that the Court rule on his request for a default judgment against the defendant.  *Doc. #37*, p. 1.  My review of the record shows that there are no requests for default judgment pending in this case. Moreover, the plaintiff does not provide any basis for entry of default, and the record reflects that the defendant is not in default.  The plaintiff's request for a ruling regarding entry of default judgment is DENIED

4.   The plaintiff further requests relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Id. at pp. 1-2.  Rule 59(e) pertains to motions to alter or amend a judgment.  There has been no judgment entered in this case.  To the extent the plaintiff requests relief pursuant to Rule 59(e), the request is DENIED.

Finally, as with many of the plaintiff's previous filings, the Papers are replete with immaterial and impertinent statements, and *ad hominem* attacks against the defendant.  For example:

> [P]laintiff had suffer, [sic] and keep suffering from the defendant lock [sic] of good faith, because of the defendant's unlawful, deceptive, and discriminatory practice of business the plaintiff had lost his job as an EVANGELICAL SPEAKER around the world, a house with no heat, and or water, and unfinished kitchen, and restroom the CITY OF COLORADO SPRINGS in their three times inspections had declare, [sic] notice that the work where not done, and the defendant was in violation of the law, ut the defendant still not resolving the problem, and more over started making some racial [] slurs comment [sic] such as "if the Africans have home in Africa, and or that I should be glad to have a Roof over my head, and that most the Africans do not have home to go to" such comment [sic] are insulting, and humiliated, the abuse, and the violation had a lot of impact in my life; lost my job, my house, facing credit problems, my car repossess, [sic] and I m stress [sic] from day to day, what have I done to deserve that? Such deplorable, and barbaric abuse was intentional, and have not being said to none "blacks none Africans" none blacks none Africans have being humiliated like I have . . .

*Doc. #35*, p. 2.

The Federal Rules of Civil Procedure allow the Court, on its own initiative at any time, to strike any immaterial or impertinent matter. Fed.R.Civ.P. 12(f). Further, the Local Rules require that all motions shall be concise. A verbose, redundant, ungrammatical, or unintelligible motion may be stricken, and its filing may be grounds for imposing sanctions. D.C.COLO.LR 7.1 H. Indeed, the plaintiff has been previously directed that under Rule 7(b), Fed.R.Civ.P., "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought." *Order* [Doc. #14, filed 2/26/07], p. 2. The Papers do not set forth the relief sought and the grounds for relief with particularity.

IT IS ORDERED that insofar as the Papers seek relief, they are DENIED.

IT IS FURTHER ORDERED that the Papers are STRICKEN because they contain immaterial and impertinent statements and *ad hominem* attacks against the defendant.

IT IS FURTHER ORDERED that the plaintiff shall cease filing papers containing immaterial and impertinent statements and *ad hominem* attacks against the defendant. All future motions shall set forth the relief sought and the grounds for relief concisely.

Dated July 30, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge