IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00040-EWN-BNB

MARK DUHALL,

Plaintiff,

v.

LENNAR FAMILY OF BUILDERS,

Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendant Lennar Colorado, LLC's Motion to Dismiss Pursuant to Fed.R.Civ.P. 8(a) and Memorandum Brief in Support** [Doc. #24, filed 3/26/07]. I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215

n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed his Complaint on January 8, 2007. The Complaint contains the following allegations:

1. The plaintiff purchased a home from defendant Lennar Colorado, LLC ("Lennar"). *Complaint*, p. 3. The closing took place on February 21, 2005. Id.

2. During the walk-through inspection, several "missing things" were documented. Anne Galloway, a customer sales representative, promised the plaintiff that Lennar would fix everything. Id.

3. Subsequently, the plaintiff noticed other deficiencies. For example, the heater did not work. Id.

4. The plaintiff requested help from customer service by sending facsimiles "week after week with [] follow up phone calls." Id. at p. 4. "In between, they would call and come and do some few things here and there." Id. at p. 5.

5. Jeff Gerhard, a Lennar supervisor, came to the plaintiff's home three times in an attempt to replace a handrail. Mr. Gerhard kept ordering the wrong materials. The plaintiff asked Mr. Gerhard why it was taking so long to obtain the correct materials for the handrail. Mr. Gerhard replied, "What do you Africans know about housing? It is rather unfortunate that I have to work in such a place . . . . I have to remove my men from here, you don't deserve our service." Id. at pp. 6-7.

6. The plaintiff asked Mr. Gerhard if he did not buy his house just like anybody else. Mr. Gerhard repeated the same words and added that his company would not do the rest of the work. He further stated, "You can take it anywhere you want and no one would listen to you." The plaintiff asked what he meant, and Mr. Gerhard replied, "You are an African and have an accent, a color [sic] person. No one would believe you." Mr. Gerhard then walked off. Id. at p. 7.

7. The plaintiff was upset and sent an email to Lennar headquarters in Houston, Texas. Somebody from headquarters responded that they would take care of the situation. Id. at pp. 7-8. Nobody ever called the plaintiff. He called the Denver office and talked to Brian Sorsby. Id. at p. 8. Mr. Sorsby asked what it would take to correct the situation, and the plaintiff told him $9,884.00. Id. at pp. 8-9. Mr. Sorsby sent the plaintiff a check for $5,000.00. Id. at p. 9.

8. The plaintiff called Mr. Sorsby and sent him a certified letter, but Mr. Sorsby did not respond.

9. The plaintiff has lost his house, his car, and all of his "things in storage" as a result of having to contend with the house issues. Id. at pp. 5, 6, 9.

The plaintiff asserts that he is entitled to damages under 42 U.S.C. §§ 1981 and 1981a and 29 U.S.C. § 216(b). He further asserts that he is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 216(b). Attached to the Complaint are several documents evidencing the plaintiff's attempt to file with the Colorado Civil Rights Division a complaint of discrimination based on Mr. Gerhard's statements.

### III. ANALYSIS

#### A. Compliance with Rule 8

The defendant asserts that the Complaint must be dismissed because it fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. *Motion*, pp. 3-6. The defendant first contends that the Complaint must be dismissed because instead of stating a proper basis for jurisdiction, the plaintiff simply states "US district court for the District of Colorado." *Motion*, pp. 3-4 (citing to the Complaint at p. 2). I do not read the Complaint's allegations so narrowly. Construing the Complaint liberally, as I must, I find that the plaintiff's citations to 42 U.S.C. §§ 1981 and 1981a; 29 U.S.C. § 216(b); and 42 U.S.C. § 1988 are an assertion of federal question jurisdiction.

The defendant also contends that the Complaint must be dismissed pursuant to Rule 8 on the following basis:

> The assertions made by DuHall in his Complaint do not give Lennar actual notice of what DuHall's legal claims are. DuHall's Complaint does not specifically refer to any legally recognizable cause of action and only references specific statutes in the request for relief. Even when DuHall does cite specific statutes, it appears that several of the statutes are completely irrelevant to the case at bar. Under these circumstances, it would be unfair to require Lennar to attempt to answer the Complaint.

*Motion*, p. 5.

A complaint need only contain, in addition to the jurisdictional grounds, "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Although the Complaint is not a model of clarity, I find that the Complaint's allegations and the attachments to the Complaint are

4

sufficient under Rule 8(a) to provide Lennar with fair notice of a discrimination claim against it. The defendant may through discovery seek to obtain details concerning the plaintiffs' claim.

I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the Complaint for failure to comply with Rule 8.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

#### 1. 42 U.S.C. § 1981a

The defendant asserts that any claim related to 42 U.S.C. § 1981a must be dismissed because section 1981a is applicable only to cases of intentional discrimination in employment. *Motion*, p. 7. Indeed, section 1981a is entitled "Damages in cases of intentional discrimination in employment," and its language solely addresses damages available in cases of employment discrimination. The plaintiff does not allege employment discrimination; he alleges discrimination in connection with the purchase of a house.

I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of any claims brought pursuant to 42 U.S.C. § 1981a.

#### 2. 29 U.S.C. § 216(b)

The defendant asserts that any claims brought pursuant to 29 U.S.C. § 216(b) must be dismissed because Title 29 deals exclusively with labor and employment issues. *Motion*, pp. 7-8. Congress has specifically stated that the policy underlying 29 U.S.C. §§201-219 is to correct and eliminate certain labor conditions which are detrimental to workers. 29 U.S.C. § 202. The Complaint does not allege an employer-employee relationship between Lennar and the plaintiff.

I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of any claims brought pursuant to 29 U.S.C. § 216(b).

### 3. 42 U.S.C. § 1988

The defendants assert that "any claim regarding 42 U.S.C. § 1988 should be dismissed" because "[t]his section merely states that a prevailing party in a discrimination case may be awarded its reasonable attorneys fees and does not state a claim upon which relief can be granted." *Motion*, p. 8. Section 1988 provides that attorneys' fees may be awarded to a prevailing party in any action to enforce a provision of section 1981 of Title 42. As discussed below, the plaintiff has stated a claim for violation of 42 U.S.C. § 1981. Consequently, it is possible that the plaintiff may engage the services of an attorney, and may seek attorneys' fees under section 1988. I decline at this time to dismiss the plaintiff's request for attorneys' fees pursuant to section 1988.

I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of the plaintiff's request for attorneys' fees pursuant to 42 U.S.C. § 1988.

### 4. 42 U.S.C. § 1981

The defendant seeks dismissal of any claim brought pursuant to 42 U.S.C. § 1981 for failure to state a claim upon which relief can be granted. Section 1981 prohibits intentional race discrimination in the making and enforcement of contracts with both public and private actors. 42 U.S.C. § 1981. The statute's protection extends to the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id. at 1981(b).

The Tenth Circuit Court of Appeals has stated that to establish a prima facie case of discrimination under section 1981, a plaintiff must show the following:

> (1) that the plaintiff is a member of a protected class;
>
> (2) that the defendant had the intent to discriminate on the basis of race; and
>
> (3) that the discrimination interfered with a protected activity as defined in § 1981.

Hampton v. Dillard Dept. Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001).

The plaintiff has alleged facts to support an inference that a Lennar supervisor, Jeff Gerhard, refused to complete contractually required repairs to the plaintiff's house on the basis that the plaintiff is African. These allegations are sufficient to establish a prima facie case under section 1981.

I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of any claim under 42 U.S.C. § 1981.

## IV. CONCLUSION

I respectfully RECOMMEND that Defendant Lennar Colorado, LLC's Motion to Dismiss Pursuant to Fed.R.Civ.P. 8(a) and Memorandum Brief in Support be GRANTED IN PART and DENIED IN PART as follows:

1. DENIED insofar as it seeks dismissal of the Complaint for failure to comply with Rule 8;

2. GRANTED to the extent it seeks dismissal of any claims brought pursuant to 42 U.S.C. § 1981a;

3. GRANTED to the extent it seeks dismissal of any claims brought pursuant to 29 U.S.C. § 216(b);

4. DENIED to the extent it seeks dismissal of the plaintiff's request for attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. DENIED to the extent it seeks dismissal of any claim under 42 U.S.C. § 1981.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 22, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge