IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00040-EWN-BNB

MARK DUHALL,

Plaintiff,

v.

LENNAR FAMILY OF BUILDERS,

Defendant.
_____

**ORDER**
_____

This matter arises on two issues:

(1)     **Plaintiff's Motion of Concern About Judge Boland's Presiding of His Case With Lennar, Defendant** [Doc. # 61, filed 4/15/2008] (the "Motion"); and

(2)     A supplemental scheduling conference set to occur on April 17, 2008.

The parties appeared this morning for the supplemental scheduling conference. I entered orders orally on the record, which are incorporated here.

I.

First, with respect to the Motion, I note that Mr. DuHall is proceeding pro se. Consequently, I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I thus construe the Motion as a motion to disqualify under 28 U.S.C. §§ 144 and 455.

Disqualification of a judge under § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him

or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

And § 455 provides in relevant part:

(a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification. Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases involving §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification under 455(a): (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual

matters: (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Especially applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.
> \* \* \*
> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

(Original emphasis.)

In this case, Mr. DuHall alleges bias of the appearance of bias because I "press[ed] statistics on Plaintiff as why Plaintiff would be as one of those statistics. There is nothing wrong

3

for a judge to make recommendations to any one, but there was a continuous intentional statistically attack on Plaintiff by Judge Boland. . . . Plaintiff predicts unfairness of judgment towards the Plaintiff, and a winning set up strategy for defendant and therefore addressing this letter." Motion at pp.1-2.

The plaintiff has failed to provide any affidavit at all in support of the Motion. The plaintiff's Motion appears to be nothing more than a disagreement with my use of statistics in connection with settlement discussions and a "prediction," unsupported by any facts whatsoever, of unfairness. This is not sufficient to justify disqualification. <u>Liteky</u>, 510 U.S. at 555. Stated simply, the plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against her. I hold no bias nor enmity against the plaintiff, nor do I favor the defendant or its counsel.

Under these circumstances, I am required to continue to serve in this matter.

## II.

Second, with respect to the supplemental scheduling conference, the parties submitted a proposed scheduling order that does not comply with the current form contained as Appendix F to the local rules of practice, D.C.COLO.LCivR. I refused the proposed scheduling order and required the parties to submit a proposed order on the proper form by **April 24, 2008**.

III.

IT IS ORDERED that the Motion is construed as a motion to disqualify and is DENIED.

IT IS FURTHER ORDERED that the proposed scheduling order is REFUSED.  The parties shall confer and submit a revised proposed scheduling order, modified consistent with our discussion today, on or before **April 24, 2008**.

Dated April 17, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge