IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00040-EWN-BNB

MARK DUHALL,

Plaintiff,

v.

LENNAR FAMILY OF BUILDERS,

Defendant.

## ORDER

This matter is before me on the following motions filed by the defendant:

1. **Motion to Compel Production and for Sanctions** [Doc. # 86, filed 7/23/2008] (the "Motion to Compel");

2. **Supplemental Motion to Compel Production and for Sanctions** [Doc. #90, filed 8/7/2008] (the "Supplemental Motion to Compel"); and

3. **Second Supplemental Motion to Compel Production and for Sanctions** [Doc. #94, filed 8/28/2008] (the "Second Supplemental Motion to Compel").

On June 12, 2008, the plaintiff was served with Defendant's First Set of Interrogatories (the "Interrogatories") and Defendant's First Set of Requests for Production of Documents (the "Requests for Production"). *Supplemental Motion*, Ex. B, p. 7; Ex. C., p. 6. The plaintiff's responses were due "30 days after being served with the interrogatories." Fed.R.Civ.P. 33(b)(2). Because the plaintiff was served by mail, he had an additional three days to respond. Fed. R.

Civ. P. 6(d). Therefore, the plaintiff's responses were due on or before July 15, 2008--33 days after the date of service.

The plaintiff did not respond to the Interrogatories and Requests for Production until July 23, 2008, minutes after the defendant filed its Motion to Compel.[1] *Plaintiff's Response to Defendant's Motion to Compel Production and for Sanctions* [Doc. #93], p. 1, first paragraph. The defendant attempted in good faith to obtain the discovery prior to filing the Motion to Compel. *Motion to Compel* [Doc. #93], Exhibits. A, B, and C.

The plaintiff's responses to the Interrogatories and Requests for Production are notarized, but not sworn under oath. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

In addition, the responses are grossly deficient. The plaintiff does not provide answers to the questions asked in interrogatories 1, 2, 4, 5, 7, and 11. Instead, he makes vague references to documents or pleadings which he claims are in the possession of the Court or the defendant, but he does not identify with any specificity the documents or pleadings. An example of these responses is the plaintiff's response to Interrogatory No. 2:

> Q: Provide the name, address and telephone number of all persons purported to have witnessed intentional discriminatory actions or statements by Lennar or its employees against DuHall or any other individual at the Premises or in relation to the Premises and describe the date, nature and content of each such action or statement.
>
> A: Name, address, phone numbers, nature and content of intentional discrimination and dates, statements caused by Defendant against

---

[1] To be precise, the defendant filed its Motion to Compel at 4:04 p.m. on July 23, 2008, as shown in the *CM ECF*, Notice of Electronic Filing. The plaintiff faxed his responses to the defendant at 4:11 p.m. on July 23, 2008. *Supplemental Motion to Compel*, Ex. A, p. 1.

>DuHall are already in the possession of both the Court and
>Defendant ant there will be no need of repetition.

*Supplemental Motion to Compel*, p. 3.

The plaintiff's vague references to documents and pleadings do not meet the requirements of a complete interrogatory answer anticipated by Rule 33. *See, e.g.*, Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 663 (D. Colo. 2000).

The plaintiff's answers to interrogatories 3, 4, 8, and 14 are completely unresponsive. For example, Interrogatory No. 3 states:

>Fully and specifically describe each and every specific contractual
>right held by DuHall that was violated or applied inequitably to
>DuHall by Lennar or its employees because of DuHall's race or
>nationality and specifically describe how DuHall was
>discriminated against with regard to each such right.

*Supplemental Motion to Compel*, p. 6.

The plaintiff responded as follows:

>It should rather be, how do we as Defendants treat people who are
>whites, with no accent, looks and act whites [sic], comes from
>right here or of European in origin? Does it takes us nine months
>to fix heaters of our kind and leave them to die of cold, do we
>insult and question the existence of our own people and their
>intelligence? Do we violate the human right and dignity of our
>own people to this far?
>
>If DuHall had been a white man, and not from Africa, with no
>accent, and not black, would it have taken Defendant nine months
>to fix this heater? If DuHall had been a white man, would it have
>taken defendant supervisor three occasions to order the same
>material to do a work? Probably not.
>
>Out of the abundance of the heart, the mouth speaks, "what do you
>Africans know about housing?" and motive is revealed." Can any
>one argue that things weren't done in a timely manner? Can an
>one argue that time wasn't wasted on purpose and intentionally
>against Plaintiff, because he is black from Africa? Other than that

3

> why missed material three times, and made such statement when
> asked why? Isn't Defendant a shamed off these?

Id. at pp. 6-7.

The plaintiff has failed to provide direct and complete answers to the interrogatories, and instead engages in an unresponsive argument. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4). The plaintiff's responses to interrogatories 3, 4, 8, and 14 constitute a total failure to respond.

The plaintiff's answers to interrogatories 6, 10, and 12, although somewhat responsive, are vague and incomplete. For instance, Interrogatory No. 6 asks the plaintiff to provide the name, address, and telephone number of each person with knowledge of his claims or damages, or with whom he has discussed the litigation, and to describe in detail the subject matter about which each witness has such knowledge, "including, but not limited to what Benjy Jacques may know about the allegations in the Complaint." The plaintiff responded:

> People who have knowledge about my case are predominantly in the Washington D.C. area, New York and Los Angelis area, they are both government Agencies and the Media that I had on stand by on this case should the need for their help arises. They have followed this case from the beginning but are not necessaries witnesses and therefore can not give out their names. they heard about what happened to me from some concerned individuals and contacted me, and wants to do some stories for their programs. There were other individuals who heard about my case as well, not having heat for nine months for a brand new house for an African or a warm climate person, people spread news without your permission you know.

*Supplemental Motion to Compel*, pp. 8-9.

This answer and the plaintiff's answers to interrogatories 10 and 12 are evasive and incomplete. The plaintiff incorrectly asserts that he is entitled to withhold the names of

individuals because he does not intend to call them as witnesses. To the contrary, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The plaintiff's responses to the defendant's Requests for Production are also deficient. The defendant's Requests for Production include eleven specific requests for documents. Id. at Ex. C. The plaintiff responded as follows:

> Plaintiff has submitted all documents to defendant to the best of his knowledge, the only exception is his recorded phone conversation with Brian Sorsby. Plaintiff hopes to send Defendant a copy when he manages to find the man who has the tape. Plaintiff was sick on the day of eviction June 7th, 2006 and was not in control of what his friends packed into storage, so the tape ended up in storage in a draw. Plaintiff managed to locate the man, James, who purchased Plaintiff's storage at auction and tried to make some arragements with him. James ask Plaintiff for a sum of $5,000. with a $500. down payment with the rest of the money paid with in 10 days. Plaintiff did pay the first $5000 but couldn't come up with the rest of the $4,5000. James mentioned that if Plaintiff still wants the rest of the tape he will charge him double the price he originally asked for. Plaintiff hopes to secure the tape by locating James in La hanta [sic], southern Colorado and send a copy to Defendant. The other copy is with a friend Isaac Namoko but I can not [sic] locate him after his illness. What ever the situation might be, Plaintiff can still proof his case without a single shadow of a doubt with or without the tape. James didn't put his last name on the receipt, Plaintiff noticed that later. Defendant has a copy of this receipt, it was part of the 26 A disclosure documents sent to Defendant.

*Supplemental Motion to Compel*, pp. 13-14.

The plaintiff does not differentiate between the various Requests for production; he again states that unspecified documents have already been submitted; and the majority of his response is irrelevant.

With respect to the alleged tape recording, the plaintiff in response to the defendant's Supplemental Motion to Compel asserts that "[t]he said recorded tape is a personal bona fide property intended to benefit only the owner or creator which in this case is Plaintiff in what so ever way and when needed by Plaintiff so far as it is within the space of time allowed by the Court if Plaintiff intends to use it to his benefit and to his benefit alone." *Plaintiff's Response to Defendant's Supplemental Motion to Compel Production and for Sanctions* [Doc. #96], p. 4, ¶ 4. To the contrary, the tape recording is relevant to matters at issue in this case or is reasonably calculated to lead to the discovery of admissible evidence and is discoverable. The plaintiff must produce it to the defendant if it is in his possession, custody, or control.

In addition, plaintiff's response to defendant's Supplemental Motion to Compel [Doc. #96] is filled with immaterial and impertinent statements, and *ad hominem* attacks against the defendant. For example, the plaintiff states:

> Here goes Defendant again running away from the up coming judgment just as they tried running away by trying to change party names and got defeated. This time Defendant's strategy is to find a means to place sanction on Plaintiff and possibly Contempt of Court and of course eventually have Plaintiff case stricken.
>
> This is Defendant's last result since they can not proof their innocence. In addition Defendant's goal is to find means to effectively reduce the cost of settlement should their attempted plan of striking Plaintiff's case fails. Plaintiff wants Defendant to know that once again their plans will not work and will continue to fail.

Id. at p. 2.

The plaintiff's answers to the discovery requests contain similar statements. *Supplemental Motion to Compel*, Ex. A; *Second Supplemental Motion to Compel*, Ex. A. I have previously ordered the plaintiff to stop filing papers containing immaterial and impertinent statements and *ad hominem* attacks against the defendant. *Order issued July 30, 2007* [Doc. #40]. I again direct the plaintiff to stop filing papers containing these statements, and I caution him that failure to comply with this order may result in the imposition of sanctions against him, including dismissal of this case. In addition, the plaintiff is directed to stop making inflammatory statements in his responses to the defendant's discovery requests.

The plaintiff e-mailed a set of revised responses to the defendant on August 13, 2008. Id. at p. 1. The responses are not signed under oath and are vague, confusing, argumentative, and generally unresponsive. Moreover, the responses do not contain any additional documents responsive to the defendant's Requests for Production. *Second Supplemental Motion to Compel*, Ex. A.

Rule 37, Fed.R.Civ.P., provides that a party seeking discovery may move for an order to compel answers to interrogatories and responses to requests for production of documents. I find that the plaintiff's discovery responses are untimely, incomplete, and evasive. Accordingly, the defendant's motions to compel are GRANTED. The plaintiff shall provide full and complete responses to the defendant's discovery requests.

Moreover, the plaintiff has not timely or specifically objected to the Interrogatories and Requests for Production. Therefore, any objections to the Interrogatories and Requests for Production are deemed waived. Fed. R. Civ. P. 33(b)(4); Starlight Intern., Inc. v. Herlihy, 181 F.R.D. 494, 496 (D. Kan. 1998).

7

Upon granting the motions to compel and after careful review of the plaintiff's responses to the motions to compel, I find that the defendant is entitled to its reasonable expenses incurred in filing the motions. Fed. R. Civ. P. 37(a)(5)(A). The defendant attempted in good faith to obtain the discovery prior to filing its initial Motion to Compel. *Motion to Compel* [Doc. #93], Exhibits. A, B, and C. The plaintiff has not justified his failure to timely and properly respond to the defendant's discovery requests. Therefore, the defendant's request for sanctions is granted. The defendants shall submit a fee application on or before October 10, 2008.

Finally, the plaintiff requests that the defendant be sanctioned. *Plaintiff's Response to Defendant's Motion to Compel Production and for Sanctions* [Doc. #93], p. 3. The plaintiff does not identify any basis for sanctioning the defendant, and the request is frivolous. In addition, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1C. Accordingly, the plaintiff's request for sanctions is stricken.

IT IS ORDERED that the defendant's Motion to Compel [Doc. # 86], Supplemental Motion to Compel [Doc. # 90], and Second Supplemental Motion to Compel [Doc. # 94] are GRANTED. The plaintiff shall make full and complete discovery responses consistent with this order on or before **October 20, 2008**.

IT IS FURTHER ORDERED that the plaintiff's responses to the defendant's discovery requests shall not contain immaterial or impertinent statements or *ad hominem* attacks against the defendant. In addition, the plaintiff shall cease filing papers in this Court which contain such statements. Failure to comply with this order may result in sanctions against him, including dismissal of this case.

IT IS FURTHER ORDERED that the defendant's request for sanctions in the form of attorney fees and costs incurred in bringing the motions to compel is GRANTED. The defendant shall submit a fee application on or before **October 10, 2008**.

IT IS FURTHER ORDERED that the plaintiff's request for sanctions is STRICKEN.

Dated October 1, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge