**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00040-REB-BNB

MARK DUHALL,

    Plaintiff,

v.

LENNAR FAMILY OF BUILDERS,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me to consider and resolve (1) the defendant's **Motion for Summary Judgment** [#100][1] filed September 25, 2008; and (2) the **Recommendation of United States Magistrate Judge** [#150] filed July 7, 2009.  The plaintiff filed a response [#107] to the motion for summary judgment, and the defendant filed a reply [109].  The plaintiff filed objections [#152] to the recommendation and the defendant filed a response [#153] to the plaintiff's objections.  I overrule the plaintiff's objections, adopt the recommendation, and grant the motion for summary judgment.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable case law.  In addition, because plaintiff

---

[1] "[#100]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants.  **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's sole remaining claim in this case is a claim of race discrimination under 42 U.S.C. § 1981.  The plaintiff, Mark DuHall, purchased a home from the defendant, Lennar Family of Builders.  As the magistrate judge details in his recommendation, DuHall and Lennar had a prolonged dispute about Lennar's efforts to remedy certain flaws in DuHall's house.  In his complaint DuHall alleges that Lennar discriminated against DuHall on the basis of race when Lennar refused to perform its obligations under Lennar's contract with Du Hall.  Specifically, DuHall alleges that Lennar failed to complete repairs on DuHall's home and treated DuHall poorly during the repair process.  Ultimately, DuHall and Lennar entered into a settlement agreement concerning the repairs to DuHall's house.

The magistrate judge concluded that the settlement agreement between DuHall and Lennar did not include a waiver of DuHall's right to assert a discrimination claim under § 1981.  Neither party has challenged this conclusion.

DuHall says that a Lennar supervisor, Jeff Gerhard, came to DuHall's house at least three times in an effort to replace a handrail.  According to DuHall, Gerhard made racist comments to DuHall and refused to work further on DuHall's house.  In an effort to show discriminatory animus by Lennar, DuHall has submitted two statements by Benjy Jacques.  Jacques says in his statements that he witnessed Gerhard making racist statements to DuHall.  One of the statements submitted by DuHall is an unsworn written statement by Jacques, dated November 27, 2006.  *Response* [#107], Exhibit 4a.

The other consists of pages that are, apparently, portions of Jacques' deposition transcript. *Response* [#107], Exhibit 4b. However, the transcript pages do not include a cover page showing whose testimony is included in the transcript, a signature page, or an affidavit to identify and authenticate the transcript pages. Attached to DuHall's objections [#152] is a copy of Jacques' November 27, 2006, written statement that is notarized, but is not sworn.

      The magistrate judge concluded that these two documents are not admissible in evidence. On the current record, Jacques' unsworn November 27, 2006, statement is not admissible. Fed.R.Evid. 803, 804. Similarly, absent a signature page and other authenticating documents, the pages of deposition transcript that reflect, apparently, Jacques' deposition testimony also are not admissible. Fed.R. Evid. 803,804.

      More important, the magistrate judge concluded that even if Jacques' November 27, 2006, statement and the deposition transcript pages were admissible, this evidence would not be sufficient to establish a § 1981 claim. The magistrate judge notes that comments by an employee who does not possess management or final decision-making authority are not sufficient to demonstrate discriminatory animus on the part of the employee's employer for the purpose of a § 1981 claim. ***See, e.g., Saulsberry v. St. Mary's University of Minnesota***, 318 F.3d 1126, 1134 (8th Cir. 2003). In this case, it is undisputed that Gerhard did not hold a management position with Lennar, and he did not have the authority to hire or fire employees or make final decisions about the work to be done on a Lennar home. Gerhard's alleged statements are not direct evidence that Lennar acted with racial animus with regard to DuHall.

      In his objections, DuHall cites various evidence that he claims demonstrates that Gerhard had substantial authority with Lennar and that his authority is sufficient to

demonstrate discriminatory animus on behalf of Lennar based on Gerhard's alleged statements. I have reviewed that evidence and DuHall's argument. Viewing the evidence in the record in the light most favorable to DuHall, I conclude that the record does not contain evidence that would permit a reasonable fact finder to conclude that Gerhard had management and final decision making authority with Lennar at a level that would permit Gerhard's alleged statements to be attributed to Lennar for the purpose of a § 1981 claim.

The magistrate judge notes correctly that absent direct evidence of discrimination, a plaintiff seeking to prove a claim under § 1981 may use indirect evidence of discrimination under the burden shifting framework of **McDonnell Douglas Corp. V. Green**, 411 U.S. 792 (1973). I agree with the magistrate judge's conclusion that DuHall has not established a *prima facie* case of discrimination under the **McDonnell Douglas** framework because DuHall has not come forward with evidence that Lennar acted with racially discriminatory animus. Again, Gerhard's alleged statements, assuming there is admissible evidence of such statements, do not establish discriminatory animus by Lennar. In his objection, DuHall argues that the long delay in fixing his furnace and the amount of the settlement check written to DuHall by Lennar, and tendered to DuHall as part of the settlement between DuHall and Lennar, demonstrate discriminatory animus by Lennar. Even if I assume that DuHall's statements in his objection are true, the delay in fixing DuHall's furnace and the amount of the settlement check, in the context of the other evidence in this case, do not demonstrate discriminatory animus by Lennar.

Further, even if DuHall had established a *prima facie* case under the **McDonnell Douglas** framework, I agree with the magistrate judge's conclusion that none of the

4

evidence presented in the motion for summary judgment, DuHall's response, and Lennar's reply tends to show that Lennar's stated legitimate non-discriminatory reason for its actions toward DuHall was a pretext for race discrimination. Gerhard's alleged racist statements, which are not legally attributable to Lennar for the purpose of showing a discriminatory motive, do not undermine Lennar's stated reason for its action. Further, in the context of the other evidence in this case, the delay in fixing DuHall's furnace and the amount of the settlement check do not demonstrate pretext because these facts do not show such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [Lennar's] proffered legitimate reasons for its action [such] that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the [Lennar] did not act for the asserted non-discriminatory reasons." **Morgan v. Hilti, Inc.**, 108 F.3d 1319, 1323 (10th Cir. 1997) (internal quotation and citation omitted). Rather, viewing the evidence in the record in the light most favorable to DuHall, no reasonable fact finder could conclude that Lennar acted with racially discriminatory animus toward DuHall.

Finally, to the extent DuHall's objection can be read to seek reconsideration of my earlier ruling granting Lennar's motion to dismiss DuHall's employment discrimination claim, such reconsideration is not proper. DuHall does not substantiate any of the three usual bases for reconsideration of an order: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#150] filed

5

July 7, 2009, is **APPROVED** and **ADOPTED** as an order of this court;

    2. That the objections stated in the **Plaintiff's Objection to the Recommendation of the United States Magistrate Judge** [#152] filed July 20, 2009, are **OVERRULED**;

    3. That the defendant's **Motion for Summary Judgment** [#100] filed September 25, 2008, is **GRANTED**;

    4. That the Trial Preparation Conference set for Friday, August 14, 2009, at 9:00 a.m. (MDT), is **VACATED**;

    5. That the trial set to begin on Monday, September 8, 2009, at 8:30 a.m.(MDT), is **VACATED**;

    6. That **JUDGMENT SHALL ENTER** in favor of the defendant, Lennar Family of Builders, and against the plaintiff, Mark DuHall, on the plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1981a, as stated in his Complaint [#3] filed January 8, 2007;

    7. That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    8. That this case is **CLOSED**.

    Dated August 10, 2009, at Denver, Colorado.

                                                **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge