**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00040-REB-BNB

MARK DUHALL,

    Plaintiff,

v.

LENNAR FAMILY OF BUILDERS,

    Defendant.

---

**ORDER DENYING MOTIONS FOR POST-JUDGMENT RELIEF**

---

**Blackburn, J.**

This matter is before me on two motions filed by the plaintiff, which are captioned as follows: (1) **To the Chief Judge, Wiley Daniel: Plaintiff's Unacceptable Motion of Judge Blackburn's Adoption** (sic) **of the United States Magistrate Judge's Recommendation and Plaintiff States that this is an Unfair Judgment and Pliantiff** (sic) **Calls for the Original Trial Date To Be Reinstated** [#158][1] filed August 14, 2009; and (2) **To the Chief Judge, Wiley Daniel, Plaintiff's Last Motion of Warning to the Court in Regards to Correction it's** (sic) **Corruption Deeds Before Going Public - Including the Midia** (sic) **and the President of the United States, and To File a Law Suit Against the Federal Court** [#162] filed August 21, 2009.

The plaintiff is acting *pro se*. Therefore, I have construed his filings generously

---

[1] "[#158]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

and with the leniency due *pro se* litigants. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  Reading the plaintiff's two motions generously, I construe them as motions for post-judgment relief under FED. R. CIV. P. 59(e) or 60(b).

Generally, the filing of a notice of appeal divests the district court of jurisdiction over the issues on appeal. **Lancaster v. Independent School Dist. No. 5**, 149 F.3d 1228, 1237 (10th Cir. 1998).  However, in limited circumstances a district court may deny a motion under Rules 59(e) or 60(b) on the merits even after the filing of a notice of appeal.  **Warren v. American Bankers Ins. of Florida**, 507 F.3d 1239, 1244 (10th Cir. 2007) (Rule 59(e) motion); **W.N.J. v. Yocom**, 257 F.3d 1171, 1172 - 73 n. 1 (10th Cir. 2001); **Aldrich Enterprises, Inc. v. U.S.**, 938 F.2d 1134, 1143 (10th Cir.1991) (60(b)(2) motion).

"(A) Rule 59(e) motion is normally granted only to correct manifest errors of law or to present newly discovered evidence." **Jennings v. Rivers**, 394 F.3d 850, 854 (10th Cir.2005) (internal quotation omitted).  In his present motions, the plaintiff has demonstrated neither a manifest error of law nor the need to present newly discovered evidence.  Rule 60(b) lists six bases on which a party may seek relief from a final judgment.  Having considered the plaintiff's motions, I find that he has not cited or circumstantiated any valid grounds to for relief from judgment under Rule 60(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's motion captioned as **To the Chief Judge, Wiley Daniel: Plaintiff's Unacceptable Motion of Judge Blackburn's Adoption** (sic) **of the United States Magistrate Judge's Recommendation and Plaintiff States that this is**

**an Unfair Judgment and Pliantiff** (sic) **Calls for the Original Trial Date To Be Reinstated** [#158] filed August 14, 2009, is **DENIED**; and

  2.  That the plaintiff's motion captioned as **To the Chief Judge, Wiley Daniel, Plaintiff's Last Motion of Warning to the Court in Regards to Correction it's Corruption Deeds Before Going Public - Including the Midia** (sic) **and the President of the United States, and To File a Law Suit Against the Federal Court** [#162] filed August 21, 2009, is **DENIED**.

  Dated November 3, 2009, at Denver, Colorado.

                **BY THE COURT:**

                *Bob Blackburn*
                Robert E. Blackburn
                United States District Judge